# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2015

Lyle W. Cayce
Clerk

No. 14-60407
Summary Calendar

VERONICA MUSAU NDAMBI,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 101 762

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Veronica Musau Ndambi, a native and citizen of the Democratic Republic of the Congo (DRC), petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from an Immigration Judge (IJ) denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The BIA upheld the IJ's adverse-

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

credibility finding and the alternative determination that Ndambi failed to meet her burden of proving she was eligible for relief.

In contesting the adverse-credibility finding, Ndambi asserts the inconsistency upon which the BIA relied was not an incongruity and, regardless, it was minor and vitiated by the remaining evidence. Ndambi contends that, if her testimony is properly accepted as credible, the evidence supports that she is eligible for withholding of removal and relief under CAT. (Concerning types of relief, she has abandoned any challenge regarding the denial of her application for asylum as untimely by failing to raise the issue here. *E.g., Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).)

"[A]n IJ's credibility determination" is upheld "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling". *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009). The totality of the record does not compel a conclusion that the adverse credibility finding was incorrect. *See id.* Ndambi's testimony, that, after her father's death in February 2011, the DRC government contacted her family only during the ensuing weeks, contradicted emails from Ndambi's sister to Ndambi, that she submitted, stating that, in February 2012, the government threatened her family and expressed an interest in her. While Ndambi contends her testimony was ambiguous and could be interpreted as consistent with the emails, her construction of her testimony is not compelled by the evidence; the IJ and BIA found that an inconsistency existed, and we must defer to that finding because the record supports it. *See id.* at 537.

Further, her claim that the inconsistency was minor lacks merit because the IJ and BIA could rely upon any inconsistency in making their credibility findings, so long as the totality of the circumstances established that she was

No. 14-60407

not credible, *e.g., id.* at 538-40, and, regardless, the discrepancy directly concerned her claim that she would be targeted for harm if she returned to the DRC.  The remaining evidence does not explain the discrepancy or support the veracity of her testimony.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii).

Therefore, Ndambi has not shown that the evidence compels a finding that "no reasonable fact-finder could make . . . an adverse credibility ruling". *Wang*, 569 F.3d at 538 (citation and quotation marks omitted).  Absent credible evidence, there was no basis upon which to grant relief to Ndambi.  *See Chun v. I.N.S.*, 40 F.3d 76, 79 (5th Cir. 1994).  Thus, whether she would have been entitled to relief had she presented credible evidence need not be addressed. *E.g., id.*

DENIED.